UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

DONALD JOHNSON,

    Plaintiff,

v.

HOME DEPOT U.S.A., INC., a foreign corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff, DONALD JOHNSON ("Mr. Johnson" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

### JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

### PARTIES

3. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Palm Beach County, Florida.

4. Plaintiff worked for Defendant in Palm Beach County, Florida, and the venue, therefore, for this case is the West Palm Beach Division of the Southern District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Plaintiff worked for Defendant as a Millwork Specialist from October 25, 2004, until his unlawful termination on May 25, 2017.

8. Throughout his employment, Mr. Johnson was an exceptional employee who had no significant history of attendance, performance, or disciplinary issues.

9. Unfortunately, in early 2017, Mr. Johnson developed Major Depressive Disorder ("MDD"), and he also suffers from several herniated discs, for which he requested FMLA leave.

10. Unfortunately, Mr. Johnson's disabilities became a burden to Defendant, and he was unlawful terminated as a result.

11. Shortly before his termination, Mr. Johnson was assisting a fellow employee in using an order picker machine, and in doing so, Mr. Johnson blocked off two aisles as a safety measure, per company policy.

12. Unbeknownst to Mr. Johnson, however, another fellow employee began working in the blocked off aisles, which violated company safety standards.

13. That employee ultimately moved away from the restricted area, and no one was injured.

14. After this incident, however, Mr. Johnson was the only employee disciplined/terminated by his Manager for said incident.

15. The other two employees involved, who were not disabled, and were not on FMLA-protected leave, one of which was the person who actually committed the safety violation, were not disciplined at all for same.

16. During his lengthy tenure, Mr. Johnson was a member of the safety team, received great semi-annual reviews, and did not have any prior safety disciplinary issues.

17. Nonetheless, Mr. Johnson is the sole employee disciplined/terminated for the safety violations of another employee.

18. It is clear that Mr. Johnson's termination was in retaliation to his FMLA-protected time off and any other reason given for his termination is mere pretext.

19. Mr. Johnson was terminated less than three (3) months after he was diagnosed with MDD and began to experience chronic back pain, and while on FMLA-protected leave.

20. Terminating an employee while out on FMLA leave is the very definition of interference with his rights under the FMLA. *See* 29 C.F.R. §825.220(a)(2).

21. Mr. Johnson's medical leave, which stemmed from his medical conditions, are protected under the FMLA, and any absences due to his "serious health condition" are certainly protected under the FMLA. *See* 42 U.S.C. § 12102; *see also* 29 CFR §825.113.

22. Defendant's termination of Mr. Johnson stemmed from its discriminatory animus toward his need for and/or use of FMLA leave.

23. The timing of his termination makes the causal connection between his FMLA request and the final adverse action sufficiently clear.

24. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

25. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

26. Also as a result of the foregoing, Defendant retaliated against Plaintiff for attempting to utilize what he believed to be proper and authorized FMLA leave.

27. Defendant acted with intent to terminate Plaintiff when he should have been, and was, FMLA covered.

28. Defendant fired Plaintiff because of his need for FMLA protected time away from work.

29. Defendant interfered with Plaintiff for his attempt to use and/or use of FMLA.

30. Defendant purposefully and intentionally retaliated against Plaintiff for his attempt to use and/or use of FMLA.

31. Defendant did not have a good faith basis for its actions.

## **UNLAWFUL INTERFERENCE UNDER THE FMLA**

32. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-17, 19-25, 28-29, and 31, above.

33. At all times relevant hereto, Plaintiff was protected by the FMLA.

34. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise his FMLA rights.

35. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

36. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

37. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## UNLAWFUL RETALIATION UNDER THE FMLA

38. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-19, 21-24, 26-28, and 30-31, above.

39. At all times relevant hereto, Plaintiff was protected by the FMLA.

40. At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his attempted use and/or use of what should have been, FMLA protected leave.

41. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

42. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised his rights to take approved leave pursuant to the FMLA.

43. As a result of Defendant's intentional, willful and unlawful acts by interfering with, and retaliating against, Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

44. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 21st day of May, 2019.

Respectfully Submitted,

*/s Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Attorneys for Plaintiff*